COPY

FILED

2013 MAR -4 PM 4:13

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY FAX

BONNETT, FAIRBOURN, FRIEDMAN
  & BALINT, P.C.
ELAINE A. RYAN (*Admitted Pro Hac Vice*)
eryan@bffb.com
PATRICIA N. SYVERSON (203111)
psyverson@bffb.com
LINDSEY M. GOMEZ-GRAY (*To be Admitted Pro Hac Vice*)
lgomez-gray@bffb.com
2325 E. Camelback Road, #300
Phoenix, AZ 85016
Telephone: (602) 274-1100
Facsimile: (602) 274-1199

BONNETT, FAIRBOURN, FRIEDMAN
  & BALINT, P.C.
Manfred P. Muecke (222893)
600 W. Broadway, Suite 900
San Diego, California 92101
mmuecke@bffb.com
Telephone: (619) 756-7748
Facsimile: (602) 274-1199

STEWART M. WELTMAN, LLC
Stewart Weltman (*Admitted Pro Hac Vice*)
53 W. Jackson Suite 364
Chicago, IL 60604
sweltman@weltmanlawfirm.com
Telephone: (312) 588-5033
(Of Counsel Levin Fishbein Sedran & Berman)

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

ED CV 13 - 00406 JGB SPx

| | |
|---|---|
| AUGUSTINA BLANCO, On Behalf of Herself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CVS PHARMACY, INC., a Rhode Island Corporation,<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION**<br><br>1. VIOLATION OF THE UNFAIR COMPETITION LAW, Business and Professions Code §17200 *et seq.*;<br>2. VIOLATION OF CONSUMERS LEGAL REMEDIES ACT, Civil Code §1750 *et seq.*; and<br>3. BREACH OF EXPRESS WARRANTY.<br><br>DEMAND FOR JURY TRIAL |

1    Plaintiff Augustina Blanco, by and through her attorneys, brings this action on

2    behalf of herself and all others similarly situated Defendant CVS Pharmacy, Inc. ("CVS

3    Pharmacy" or "Defendant") and states:

4                              **NATURE OF ACTION**

5        1.    CVS Pharmacy markets, sells and distributes a line of joint health dietary

6    supplements under its "CVS" brand name.[1]  All five products bear the name Glucosamine

7    in bold, large letters, prominently at the top front of each label. The primary purported

8    active ingredient in all of CVS Pharmacy's Glucosamine Products is glucosamine

9    hydrochloride.    Through an extensive, widespread, comprehensive and uniform

10   nationwide marketing campaign, CVS Pharmacy promises that its Glucosamine Products

11   will help renew/nourish cartilage, promote mobility and flexibility and improve joint

12   comfort.  For example, the Advanced Formula Glucosamine Chondroitin Triple Strength

13   and Advanced Formula Glucosamine Chondroitin Double state that the Products

14   "nourish cartilage," "promote[] mobility and flexibility", "provide renewed joint

15   comfort" and that the Products offer "the science of joint care and protection."  Similar

16   statements are made on the other Glucosamine Products, in that the labeling and

17   packaging states that the Products help to "support[] renewal of cartilage"[2] and "support

18   joint comfort" (collectively, the "joint health benefit representations").

19       2.    No limitations accompany Defendant's joint health benefit representations,

20   such that the takeaway is that the Glucosamine Products will provide these specific joint

21   health benefits for all joints in the human body, for adults of all ages and for all manner

22   and stages of joint related ailments.  In this vein, every Glucosamine Product label

23   ---

[1]  The Glucosamine Products include, but are not limited to: (1) Glucosamine
Chondroitin Triple Strength with MSM; (2) Glucosamine Chondroitin Double Strength
with MSM; (3) Glucosamine HCL 1500 mg + Boswellia Serrata & Vitamin D; (4)
Advanced Formula Glucosamine Chondroitin Triple Strength; and (5) Advanced Formula
Glucosamine Chondroitin Double Strength (collectively, "the Glucosamine Products" or
"the Products"). Plaintiff reserves the right to include other Products upon completion of
discovery.
[2]  "Glucosamine also helps to support joint cartilage" (Glucosamine HCL 1500 mg +
Boswellia Serrata & Vitamin D)

**CLASS ACTION COMPLAINT**

depicts a person running and has circles highlighting a variety of joints including the runners' elbows, hips, knees and shoulders.

3.     Furthermore, the representations that Defendant makes on the Glucosamine Products labels with respect to repairing cartilage, improving mobility and flexibility, and helping with joint discomfort are clearly directed at and, as a result, the majority of persons who purchase the Glucosamine Products are persons suffering from osteoarthritis.  For example, the University of Chicago Medicine web site describes the symptoms of osteoarthritis as a breakdown of joint cartilage which in turn interferes with joint mobility and causes joint pain and stiffness[3] -- these are almost verbatim the symptoms that Defendant represents that the Glucosamine Products will relieve. Thus, Defendant's representations, at a minimum, implicitly claim, using lay terminology, that the Glucosamine Products have a positive effect on the characteristic symptoms of arthritis.

4.     In truth, the Glucosamine Products do not relieve joint discomfort, promote flexibility or mobility or support cartilage repair.  Clinical cause and effect studies have found that the primary active in ingredient in the Glucosamine Products, glucosamine, is ineffective, taken alone or in combination with the other ingredients in the Products, with regard to the purported joint health benefits represented on the Products' packaging and labeling.  As a recent study sponsored by the National Institute of Health ("NIH") concluded: "The analysis of the primary outcome measure did not show that [glucosamine], alone or in combination, was efficacious. . . ."  Clegg, D., et al., Glucosamine, Chondroitin Sulfate, and the Two in Combination for Painful Knee Osteoarthritis, 354 New England J. of Med. 795, 806 (2006) ("2006 GAIT Study"). While most of the clinical studies finding a lack of efficacy (using the same amounts of the ingredients as are in Defendant's Glucosamine Products) were performed on subjects with arthritis, some were performed on "healthy" subjects.  Moreover, experts in the field

---

[3] *See* http://www.uchospitals.edu/online-library/content=P00061.

2

deem the arthritis clinical studies finding the ingredients to be inefficacious to be proxies for whether the ingredients are effective for both arthritic and non-arthritic users of these ingredients.   As a result, in addition to affirmatively misrepresenting the joint health benefits of the Glucosamine Products, the failure of Defendant to disclose the facts regarding these studies also constitutes deception by omission or concealment.   Thus, Defendant's joint health benefit representations and omissions are false, misleading and reasonably likely to deceive the public.

5.   Despite the deceptive nature of Defendant's representations, Defendant conveys its uniform, deceptive message to consumers through a variety of media including its website and online promotional materials, and, most important, at the point of purchase, on the front of the Products' packaging and/or labeling where it cannot be missed by consumers. The only reason a consumer would purchase the Glucosamine Products is to obtain the advertised joint health benefits, which the Products do not provide.

6.   As a result of Defendant's deceptive joint health benefit representations, consumers – including Plaintiff and members of the proposed Class – have purchased Products that do not perform as advertised.

7.   Plaintiff brings this action on behalf of herself and all other similarly situated consumers to halt the dissemination of this false and misleading advertising message, correct the false and misleading perception it has created in the minds of consumers, and obtain redress for those who have purchased the Glucosamine Products.   Based on violations of state unfair competition laws (detailed below) and breach of express warranties, Plaintiff seeks injunctive and monetary relief for consumers who purchased the Products.

## JURISDICTION AND VENUE

8.   This Court has original jurisdiction pursuant to 28 U.S.C. §1332(d)(2).   The matter in controversy, exclusive of interest and costs, exceeds the sum or value of

1  $5,000,000 and is a class action in which there are in excess of 100 class members and

2  many members of the Class are citizens of a state different from Defendant.

3        9.    This Court has personal jurisdiction over CVS Pharmacy because CVS

4  Pharmacy is authorized to do and does business in California.   CVS Pharmacy has

5  marketed, promoted, distributed, and sold its Glucosamine Products in California and

6  CVS Pharmacy has sufficient minimum contacts with this State and/or sufficiently avails

7  itself of the markets in this State through its promotion, sales, distribution and marketing

8  within this State to render the exercise of jurisdiction by this Court permissible.

9        10.    Venue is proper in this Court pursuant to 28 U.S.C. §§1391(a) and (b)

10  because a substantial part of the events or omissions giving rise to Plaintiff's claims

11  occurred while she resided in this judicial district.   Venue is also proper under 18 U.S.C.

12  §1965(a) because CVS Pharmacy transacts substantial business in this District.

13  **PARTIES**

14        11.    Plaintiff Augustina Blanco resides in Moreno Valley, California.   In or

15  around February 2012, Plaintiff Blanco was exposed to and saw CVS Pharmacy's

16  representations by reading the label of the Glucosamine Chondroitin Triple Strength

17  with MSM product at a CVS store in Moreno Valley, California.   In reliance on the

18  joint health benefit representations on the front of the label, Plaintiff purchased

19  Glucosamine Chondroitin Triple Strength with MSM and paid approximately $18-$20

20  for the bottle.   Had Plaintiff known the truth about Defendant's misrepresentations and

21  omissions, including that the scientific evidence demonstrated that the Product was not

22  effective as represented by Defendant, Plaintiff would not have purchased Glucosamine

23  Chondroitin Triple Strength with MSM.   Plaintiff used Glucosamine Chondroitin Triple

24  Strength with MSM as directed and, consistent with the scientific evidence that the

25  Product was not effective, the Product did not work.   As a result, Plaintiff suffered injury

26  in fact and lost money.

27

28

4

12.     Defendant CVS Pharmacy, Inc. ("CVS Pharmacy") is a corporation organized and existing under the laws of the state of Rhode Island, and which has its principal place of business in the state of Rhode Island.   CVS Pharmacy is a subsidiary of CVS Caremark Corporation.   CVS Pharmacy promoted, marketed and sold the Glucosamine Chondroitin products throughout the United States, including California.

## FACTUAL ALLEGATIONS

### *The Glucosamine Chondroitin Products*

13.     CVS Pharmacy is one of the largest pharmacy retailers in the United States, operating over 6,900 CVS/pharmacy and Longs Drugs retail stores, mail order, retail outlets, and health clinics where it sells retail goods, and CVS.com.    This lawsuit concerns five of those products:   (1) Glucosamine Chondroitin Triple Strength with MSM; (2) Glucosamine Chondroitin Double Strength with MSM; (3) Glucosamine HCL 1500 mg + Boswellia Serrata & Vitamin D; (4) Advanced Formula Glucosamine Chondroitin Triple Strength; and (5) Advanced Formula Glucosamine Chondroitin Double Strength. The Glucosamine Chondroitin products are available in 30, 50, 60, 80, 120 and 150 count bottles. Screen shots of the Glucosamine Products appear as follows:



14.     Since the Products' launch, CVS Pharmacy has consistently conveyed the message to consumers throughout the United States, including California that the Glucosamine Products help to renew/nourish cartilage, promote mobility and flexibility and improve "joint comfort," simply by taking the recommended number of tablets each

5

---

day.   They do not.   CVS Pharmacy's joint health benefit representations are false, misleading, and reasonably likely to deceive the public.

15.   The active ingredient in all the Glucosamine Products is glucosamine hydrochloride.  As more fully set forth below, the scientific evidence is that glucosamine, taken alone or in combination, does not provide the joint health benefits represented by CVS Pharmacy.

16.   In addition to the primary active ingredient, Defendant's Glucosamine Products contains lesser amounts of other ingredients, including: chondroitin sulfate;[4] methylsulfonylmethane ("MSM");[5] hyaluronic acid;[6] Boswellia Serrata;[7] and Univestin, a dual bioflavanoid antioxidant system consisting of Chinese Skullcap Extract, Black Catechu Extract and Maltodextrin.[8]  As more fully discussed below, these ingredients are also not effective in providing the joint health benefits represented by Defendant

17.   Even though numerous clinical studies have found that the primary ingredient in CVS Pharmacy's Glucosamine Products, glucosamine, alone or in combination, is ineffective, CVS Pharmacy continues to state on the Products' packaging and labeling that the Glucosamine Products helps to, inter alia: renew/nourish cartilage, promote mobility and flexibility and improve joint comfort without any limitation on which joints and without any limitation on what stages of joint related ailments. Front, back, and side shots of a representative Advanced Formula Glucosamine Chondroitin Triple Strength label appear as follows:

---

[4] Glucosamine HCL 1500 mg + Boswellia Serrata & Vitamin D is the only Product that does not contain chondroitin sulfate.
[5] Advanced Formula Glucosamine Chondroitin Triple Strength and Glucosamine HCL 1500 mg + Boswellia Serrata & Vitamin D are the only Products that do not contain MSM.
[6] Glucosamine HCL 1500 mg + Boswellia Serrata & Vitamin D is the only Product that does not contain hyaluronic acid.
[7] Advanced Formula Glucosamine Chondroitin Triple Strength and Advanced Formula Glucosamine Chondroitin Double Strength are the only Products that does not contain *Boswellia Serrata.*
[8] Advanced Formula Glucosamine Chondroitin Triple Strength and Advanced Formula Glucosamine Chondroitin Double Strength are the only Products that contain Univestin.

6

Front

Left Side

**GLUCOSAMINE CHONDROITIN**

*CVS/pharmacy® Glucosamine Chondroitin Triple Strength with MSM combines the top two ingredients found in popular joint products. Scientific studies indicate that Glucosamine helps provide the building blocks for supporting cartilage.® Chondroitin is a naturally occurring nutrient found in connective tissue. This triple strength product provides you with joint support in just two caplets per day.®*

WARNING: If you are pregnant, nursing or taking any medications, consult your doctor before use. Discontinue use and consult your doctor if any adverse reactions occur. Not intended for use by children.

KEEP OUT OF REACH OF CHILDREN. STORE IN A DRY PLACE AND AVOID EXCESSIVE HEAT. TAMPER RESISTANT: DO NOT USE IF SEAL UNDER CAP IS BROKEN OR MISSING.

*These statements have not been evaluated by the Food and Drug Administration. This product is not intended to diagnose, treat, cure or prevent any disease.

Supports renewal of cartilage+



Distributed by: CVS Pharmacy, Inc. One CVS Drive, Woonsocket, RI 02895 © 2012 CVS/pharmacy www.cvs.com • 1-800-shop-CVS

18.     Defendant's Product labels also contains a fine print "disclaimer" at the bottom of the side panel stating, "These statements have not been evaluated by the Food and Drug Administration. This product is not intended to diagnose, treat, cure, or prevent any disease." This disclaimer language is required by Federal law and FDA regulations where a dietary supplement manufacturer makes "structure or function" statements about its product. *See* 21 C.F.R. § 101.93. Under applicable Federal Regulations, "structure and function" statements, which the disclaimer language accompanies, must be limited to a description of the role that a dietary ingredient is "intended to affect the structure or function in humans." 21 U.S.C. § 343 (r)(6).

***Scientific Studies Confirm The Glucosamine Products Are Not Effective.***

19.     Independent studies published, at least as early as 2004, have found that glucosamine, alone or in combination, is not effective in providing the represented joint health benefits.

7

20.     For example, a 2004 study by McAlindon et al., entitled Effectiveness of Glucosamine For Symptoms of Knee Osteoarthritis: Results From an Internet-Based Randomized Double-Blind Controlled Trial, 117(9) Am. J. Med. 649 (Nov. 2004), concluded that glucosamine was no more effective than placebo in treating the symptoms of knee osteoarthritis – in short, it was ineffective.

21.     Also as early as 2004, many studies confirmed there is a significant "placebo" effect with respect to consumption of products represented to be effective in providing joint health benefits such as Defendant's Product – 30% and more of persons who took placebos in these studies believed that they were experiencing joint health benefits when all they were taking was a placebo. In this regard, a 2004 study by Cibere et al., entitled Randomized, Double-Blind, Placebo-Controlled Glucosamine Discontinuation Trial In Knee Osteoarthritis, 51(5) Arthritis Care & Research 738-45 (Oct. 15, 2004), studied users of glucosamine who had claimed to have experienced at least moderate improvement after starting glucosamine.  These patients were divided into two groups – one that continued using glucosamine and one that was given a placebo. For six months, the primary outcome observed was the proportion of disease flares in the glucosamine and placebo groups.  A secondary outcome was the time to disease flare. The study results reflected that there were no differences in either the primary or secondary outcomes for glucosamine and placebo.   The authors concluded that the study provided no evidence of symptomatic benefit from continued use of glucosamine – in other words, any prior perceived benefits were due to the placebo effect and not glucosamine.

22.     In the 2006 Gait Study, the study authors rigorously evaluated the effectiveness of glucosamine and chondroitin, alone and in combination, on osteoarthritis for six months.  According to the study's authors, "The analysis of the primary outcome measure did not show that either supplement, alone or in combination, was efficacious. .

8

." 2006 GAIT Study at 806.9  Subsequent GAIT studies in 2008 and 2010 reported that glucosamine and chondroitin did not rebuild cartilage10 and were otherwise ineffective – even in patients with moderate to severe knee pain for which the 2006 reported results were inconclusive.    See Sawitzke, A.D., et al., The Effect of Glucosamine and/or Chondroitin Sulfate on the Progression of Knee Osteoarthritis: A GAIT Report, 58(10) J. Arthritis Rheum. 3183–91 (Oct. 2008); Sawitzke, A.D., Clinical Efficacy And Safety Of Glucosamine, Chondroitin Sulphate, Their Combination, Celecoxib Or Placebo Taken To Treat Osteoarthritis Of The Knee: 2-Year Results From GAIT, 69(8) Ann Rhem. Dis. 1459-64 (Aug. 2010).

23.    The GAIT studies are consistent with the reported results of prior and subsequent studies.    For example, a study by Rozendaal et al., entitled Effect of Glucosamine Sulfate on Hip Osteoarthritis, 148 Ann. of Intern. Med. 268-77 (2008), assessing the effectiveness of glucosamine on the symptoms and structural progression of hip osteoarthritis during 2 years of treatment, concluded that glucosamine was no better than placebo in reducing symptoms and progression of hip osteoarthritis.

24.    A 2010 meta-analysis by Wandel et al. entitled Effects of  Glucosamine, Chondroitin, Or Placebo In Patients With Osteoarthritis Or Hip Or Knee: Network Meta-Analysis, BMJ 341:c4675 (2010), examined prior studies involving glucosamine and chondroitin, alone or in combination, and whether they relieved the symptoms or progression of arthritis of the knee or hip.  The study authors reported that glucosamine and chondroitin, alone or in combination, did not reduce joint pain nor have an impact on the narrowing of joint space: "Our findings indicate that glucosamine, chondroitin, and

---

[9]  The 2006 Gait Study was funded by the National Center for Complementary & Alternative Medicine and the National Institute of Arthritis and Musculoskeletal and Skin Diseases, two components of NIH.
[10]  To a similar effect a study by Kwok, et al., entitled The Joints On Glucosamine (JOG) Study:  A Randomized, Double-Blind, Placebo-Controlled Trial To Assess The Structural Benefit Of Glucosamine In Knee Osteoarthritis Based On 3T MRI, 60 Arthritis Rheum 725 (2009), concluded that glucosamine was not effective in preventing the worsening of cartilage damage.

**CLASS ACTION COMPLAINT**

their combination do not result in a relevant reduction of joint pain nor affect joint space narrowing compared with placebo." Id. at 8.  The authors went as far to say, "We believe it unlikely that future trials will show a clinically relevant benefit of any of the evaluated preparations." Id.

25.    On   July 7, 2010, Wilkens et al., reported that there was no difference between placebo and glucosamine for the treatment of low back pain and lumbar osteoarthritis and that neither glucosamine nor placebo were effective in reducing pain related disability.   The researchers also stated that, "Based on our results, it seems unwise to recommend glucosamine to all patients" with low back pain and lumbar osteoarthritis.   Wilkens et al., Effect of Glucosamine on Pain-Related Disability in Patients With Chronic Low Back Pain and Degenerative Lumbar Osteoarthritis, 304(1) JAMA 45-52 (July 7, 2010).

26.    In 2011, Miller and Clegg, after surveying the clinical study history of glucosamine and chondroitin reported that, "The cost-effectiveness of these dietary supplements alone or in combination in the treatment of OA has not been demonstrated in North America."   Miller, K. and Clegg, D., Glucosamine and Chondroitin Sulfate, Rheum. Dis. Clin. N. Am. 37 (2011) 103-118.

27.    While hyaluronic acid has been proven to be effective when directly injected into joints, due to its high molecular weight, when taken orally, it cannot be absorbed into the human bloodstream let alone beneficially affect joints

28.    Boswellia Serrata – Indian Frankincense – is essentially a witch doctor potion and is not effective in providing any joint health benefits

### *The Impact of CVS Pharmacy's Wrongful Conduct*

29.    Despite clinical studies that show the ingredients in the Glucosamine Products are ineffective, Defendant conveyed and continues to convey one uniform message: the Glucosamine Products help to renew/nourish cartilage, promote mobility and flexibility and improve "joint comfort."

30.   As the manufacturer and/or distributor of the Glucosamine Products, Defendant possesses specialized knowledge regarding the content and effects of the ingredients contained in its Products and is in a superior position to learn of the effects – and has learned of the effects, or lack thereof, – its Products has on consumers.

31.   Specifically, Defendant knew, but failed to disclose, that the Glucosamine Products do not provide the joint health benefits represented and that well-conducted, clinical studies have found the ingredients in the Glucosamine Products to be ineffective in providing the joint health benefits represented by Defendant.

32.   Plaintiff and Class members have been and will continue to be deceived or misled by Defendant's deceptive joint health benefit representations.  Plaintiff purchased and consumed a Glucosamine Product during the Class period and in doing so, read and considered the Product's label and based her decision to purchase the Product on the joint health benefit representations on the Product packaging.  Defendant's joint health benefit representations and omissions were a material factor in influencing Plaintiff's decision to purchase and consume a Glucosamine Product.

33.   The only purpose behind purchasing the Glucosamine Products is to obtain some or all of the represented joint health benefits.   There is no other reason for Plaintiff and the Class to have purchased the Products as the Products are not represented to provide any benefits and Plaintiff and the Class would not have purchased the Products had they known Defendant's joint health benefit statements were false and misleading and that clinical cause and effect studies have found the ingredients to be ineffective for the represented joint health benefits.

34.   As a result, Plaintiff and the Class members have been injured in fact in their purchases of the Glucosamine Products in that they were deceived into purchasing Products that do not perform as advertised.

35.   Defendant, by contrast, reaped enormous profit from its false marketing and sale of the Glucosamine Products.

**CLASS ACTION COMPLAINT**

## **CLASS DEFINITION AND ALLEGATIONS**

36.     Plaintiff brings this action on behalf of herself and all other similarly situated Class members pursuant to Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure and seeks certification of the following Class against CVS Pharmacy violations of California law and similar laws in other states:

> **Multi-State Class**
> All persons in California and states with similar laws, who, within the applicable statute of limitations under their respective state's consumer fraud act, purchased the Glucosamine Products.
>
> Excluded from the Class are CVS Pharmacy, its parents, subsidiaries, affiliates, officers and directors, and those who purchased the Glucosamine Products for resale.

37.     In the alternative, Plaintiff brings this action on behalf of herself and all other similarly situated California residents pursuant to Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure and seeks certification of the following Class:

> **California Class**
> All California residents who, within the applicable statute of limitations, purchased the Glucosamine Products.
>
> Excluded from the Class are CVS Pharmacy, its parents, subsidiaries, affiliates, officers and directors, and those who purchased the Glucosamine Products for resale.

38.     Numerosity.  The members of the Class are so numerous that joinder of all members of the Class is impracticable. Plaintiff is informed and believes that the proposed Class contains thousands of purchasers of the Glucosamine Products who have been damaged by CVS Pharmacy's conduct as alleged herein. The precise number of Class members is unknown to Plaintiff.

39.     Existence and Predominance of Common Questions of Law and Fact.  This action involves common questions of law and fact, which predominate over any questions affecting individual Class members.   These common legal and factual questions include, but are not limited to, the following:

12

(1)    whether the claims discussed above are true, or are misleading, or objectively reasonably likely to deceive;

(2)    whether CVS Pharmacy alleged conduct violates public policy;

(3)    whether the alleged conduct constitutes violations of the laws asserted;

(4)    whether CVS Pharmacy engaged in false or misleading advertising;

(5)    whether Plaintiff and Class members have sustained monetary loss and the proper measure of that loss; and

(6)    whether Plaintiff and Class members are entitled to other appropriate remedies, including corrective advertising and injunctive relief.

40.    **Typicality.**  Plaintiff's claims are typical of the claims of the members of the Class because, inter alia, all Class members were injured through the uniform misconduct described above, were subject to CVS Pharmacy's deceptive joint health benefit representations including the representations that accompanied each and every box of the Glucosamine Products.   Plaintiff is advancing the same claims and legal theories on behalf of herself and all members of the Class.

41.    **Adequacy of Representation.**  Plaintiff will fairly and adequately protect the interests of the members of the Class.  Plaintiff has retained counsel experienced in complex consumer class action litigation, and Plaintiff intends to prosecute this action vigorously.  Plaintiff has no adverse or antagonistic interests to those of the Class.

42.    **Superiority.**  A class action is superior to all other available means for the fair and efficient adjudication of this controversy.   The damages or other financial detriment suffered by individual Class members is relatively small compared to the burden and expense that would be entailed by individual litigation of its claims against CVS Pharmacy.  It would thus be virtually impossible for the Class, on an individual basis, to obtain effective redress for the wrongs done to them.  Furthermore, even if Class members could afford such individualized litigation, the court system could not.

**CLASS ACTION COMPLAINT**

1  Individualized litigation would create the danger of inconsistent or contradictory

2  judgments arising from the same set of facts.   Individualized litigation would also

3  increase the delay and expense to all parties and the court system from the issues raised

4  by this action.   By contrast, the class action device provides the benefits of adjudication

5  of these issues in a single proceeding, economies of scale, and comprehensive

6  supervision by a single court, and presents no unusual management difficulties under the

7  circumstances here.

       43.    Plaintiff seeks preliminary and permanent injunctive and equitable relief on

8

9  behalf of the entire Class, on grounds generally applicable to the entire Class, to enjoin

10  and prevent CVS Pharmacy from engaging in the acts described, and requiring CVS

11  Pharmacy to provide full restitution to Plaintiff and Class members.

12       44.    Unless a Class is certified, CVS Pharmacy will retain monies received as a

13  result of its conduct that were taken from Plaintiff and Class members.   Unless a Class-

14  wide injunction is issued, CVS Pharmacy will continue to commit the violations alleged,

15  and the members of the Class and the general public will continue to be deceived.

16       45.    CVS Pharmacy has acted and refused to act on grounds generally applicable

17  to the Class, making appropriate final injunctive relief with respect to the Class as a

18  whole.

19

**COUNT I**
**Violation of Business & Professions Code §17200, et seq.**

20

21       46.    Plaintiff repeats and re-alleges the allegations contained in the paragraphs

22  above, as if fully set forth herein.

23       47.    Plaintiff brings this claim individually and on behalf of the Class.

24       48.    As alleged herein, Plaintiff has suffered injury in fact and lost money or

25  property as a result of CVS Pharmacy's conduct because she purchased a Glucosamine

26  Product in reliance on CVS Pharmacy's joint health benefit statements detailed above,

27  but did not receive a product that provided the represented joint health benefits.

28

14

49.     The Unfair Competition Law, Business & Professions Code § 17200, et seq. ("UCL"), prohibits any "unlawful," "fraudulent" or "unfair" business act or practice and any false or misleading advertising.

50.     In the course of conducting business, CVS Pharmacy committed "unlawful" business practices by, inter alia, making the joint health benefit representations (which also constitute advertising within the meaning of § 17200) and omissions of material facts, as set forth more fully herein, and violating Civil Code §§ 1572, 1573, 1709, 1711, 1770(a)(5), (7), (9) and (16) and Business & Professions Code §§ 17200, et seq. Plaintiff and the Class reserve the right to allege other violations of law, which constitute other unlawful business acts or practices.  Such conduct is ongoing and continues to this date.

51.     In the course of conducting business, CVS Pharmacy committed "unfair" business practices by, inter alia, making the joint health benefit representations (which also constitute advertising within the meaning of § 17200) and omissions of material facts regarding The Glucosamine Products in its advertising campaign, including the Products' packaging, as set forth more fully herein.  There is no societal benefit from false advertising, only harm.  Plaintiff and other Class members paid money for promised joint health benefits which they did not receive.  While Plaintiff and Class members were harmed, CVS Pharmacy was unjustly enriched by its false joint health benefits misrepresentations and omissions.  Because the utility of CVS Pharmacy's conduct (zero) is outweighed by the gravity of the harm Plaintiff and Class Members suffered, CVS Pharmacy's conduct is "unfair" having offended an established public policy. Further, CVS Pharmacy engaged in immoral, unethical, oppressive, and unscrupulous activities that are substantially injurious to consumers.

52.     Further, as stated in this Complaint, Plaintiff alleges violations of consumer protection, unfair competition and truth in advertising laws, resulting in harm to consumers.  CVS Pharmacy's acts and omissions also violate and offend the public policy against engaging in false and misleading advertising, unfair competition and

**CLASS ACTION COMPLAINT**

deceptive conduct towards consumers. This conduct constitutes violations of the unfair prong of Business & Professions Code § 17200, et seq.

53.   There were reasonably available alternatives to further CVS Pharmacy's legitimate business interests, other than the conduct described herein.

54.   Business & Professions Code § 17200, et seq., also prohibits any "fraudulent business act or practice."

55.   In the course of conducting business, CVS Pharmacy committed "fraudulent business act or practices" by, inter alia, making the joint health benefit representations (which also constitute advertising within the meaning of § 17200) and omissions of material facts regarding The Glucosamine Products in its advertising campaign, including the Product's packaging, as set forth more fully herein. CVS Pharmacy misrepresented on each and every  Glucosamine Product box that its Products help to renew/nourish cartilage, promote mobility and flexibility and provide "joint comfort," when, in fact, the competent scientific evidence is that the ingredients in the Glucosamine Products are not efficacious and do not work as represented.

56.   CVS Pharmacy's actions, claims, omissions and misleading statements, as more fully set forth above, were also false, misleading and/or likely to deceive the consuming public within the meaning of Business & Professions Code § 17200, et seq.

57.   Plaintiff and other members of the Class have in fact been deceived by CVS Pharmacy's material joint health benefit representations and omissions. CVS Pharmacy's deception has caused harm to Plaintiff and other members of the Class who purchased the Glucosamine Products. Plaintiff and the other Class members have suffered injury in fact and lost money as a result of these unlawful, unfair, and fraudulent practices.

58.   CVS Pharmacy knew, or should have known, that its material representations and omissions would be likely to deceive the consuming public and result in consumers purchasing CVS Pharmacy's Glucosamine Products and, indeed, intended to deceive consumers.

16

59.     As a result of its deception, CVS Pharmacy has been able to reap unjust revenue and profit.

60.     Unless restrained and enjoined, CVS Pharmacy will continue to engage in the above-described conduct. Accordingly, injunctive relief is appropriate.

61.     Plaintiff, on behalf of herself and all others similarly situated, and the general public, seeks restitution of all money obtained from Plaintiff and the members of the Class collected as a result of unfair competition, an injunction prohibiting CVS Pharmacy from continuing such practices, corrective advertising and all other relief this Court deems appropriate, consistent with Business & Professions Code § 17203.

## <u>COUNT II</u>
### Violations of the Consumers Legal Remedies Act – Civil Code §1750 *et seq.*

62.     Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

63.     Plaintiff brings this claim individually and on behalf of the Class.

64.     This cause of action is brought pursuant to the Consumers Legal Remedies Act, California Civil Code §1750, et seq. (the "Act"), and similar laws in other states. Plaintiff is a "consumer" as defined by California Civil Code §1761(d).     The Glucosamine Products are "goods" within the meaning of the Act.

65.     CVS Pharmacy violated and continues to violate the Act by engaging in the following practices proscribed by California Civil Code §1770(a) in transactions with Plaintiff and the Class which were intended to result in, and did result in, the sale of the Glucosamine Products:

(5)     Representing that [the Glucosamine Products have] . . . approval, characteristics, . . . uses [and] benefits . . . which [they do] not have . . . .

                    *          *          *

(7)     Representing that [the Glucosamine Products are] of a particular standard, quality or grade . . . if [it is] of another.

                    *          *          *

17

**CLASS ACTION COMPLAINT**

(9)    Advertising goods . . . with intent not to sell them as advertised.

\*          \*          \*

(16)   Representing that [the Glucosamine Products have] been supplied in accordance with a previous representation when [they have] not.

66.    CVS Pharmacy violated the Act by representing and failing to disclose material facts in its advertising campaign including the Glucosamine Products labels and packaging, as described above, when it knew, or should have known, that the representations were false and misleading and that the omissions were of material facts it was obligated to disclose.

67.    Pursuant to California Civil Code §1782(d), Plaintiff and the Class seek a Court order enjoining the above-described wrongful acts and practices of CVS Pharmacy and for restitution and disgorgement.

68.    Pursuant to §1782 of the Act, Plaintiff notified CVS Pharmacy in writing by certified mail of the particular violations of §1770 of the Act and demanded that CVS Pharmacy rectify the problems associated with the actions detailed above and give notice to all affected consumers of CVS Pharmacy's intent to so act.  A copy of the letter is attached hereto as Exhibit A.

69.    If CVS Pharmacy fails to rectify or agree to rectify the problems associated with the actions detailed above and give notice to all affected consumers within 30 days of the date of written notice pursuant to §1782 of the Act, Plaintiff will amend this complaint to add claims for actual, punitive and statutory damages, as appropriate.

70.    CVS Pharmacy conduct is fraudulent, wanton and malicious.

71.    Pursuant to §1780(d) of the Act, attached hereto as Exhibit B is the affidavit showing that this action has been commenced in the proper forum.

## COUNT III
### Breach of Express Warranty

72.    Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

18

73.     Plaintiff brings this claim individually and on behalf of the Class.

74.     The Uniform Commercial Code Section 2-313 provides that an affirmation of fact or promise, including a description of the goods, becomes part of the basis of the bargain and creates an express warranty that the goods shall conform to the promise and to the description.

75.     At all times, California and similar state laws have codified and adopted the provisions the Uniform Commercial Code governing the express warranty of merchantability.

76.     CVS Pharmacy expressly warranted in its advertising campaign, including, inter alia, on each and every box of the Glucosamine Products that the Products, inter alia, help to renew/nourish cartilage, promote mobility and flexibility and improve "joint comfort."   These joint health benefit representations made by CVS Pharmacy are affirmations of fact that became part of the basis of the bargain and created an express warranty that the goods would conform to the stated promises.   Plaintiff placed importance on CVS Pharmacy's joint health benefit representations.

77.     All conditions precedent to CVS Pharmacy's liability under this contract have been performed by Plaintiff and the Class.

78.     CVS Pharmacy breached the terms of this contract, including the express warranties, with Plaintiff and the Class by not providing Products that would support renew/nourish cartilage, promote mobility or flexibility or improve joint comfort as represented.

79.     As a result of CVS Pharmacy's breach of its contract, Plaintiff and the Class have been damaged in the amount of the price of the Product they purchased.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for a judgment:

A.     Certifying the Class as requested herein;

B.     Awarding Plaintiff and the proposed Class members damages;

19

1      C.     Awarding restitution and disgorgement of CVS Pharmacy's revenues to

2  Plaintiff and the proposed Class members;

3      D.     Awarding injunctive relief as permitted by law or equity, including enjoining

4  CVS Pharmacy from continuing the unlawful practices as set forth herein, and directing

5  CVS Pharmacy to identify, with Court supervision, victims of its conduct and pay them all

6  money it is required to pay;

7      E.     Ordering CVS Pharmacy to engage in a corrective advertising campaign;

8      F.     Awarding attorneys' fees and costs; and

9      G.     Providing such further relief as may be just and proper.

10                 **<u>DEMAND FOR JURY TRIAL</u>**

11      Plaintiff hereby demands a trial of her claims by jury to the extent authorized by

12  law.

13  DATED:  March 4, 2013          BONNETT, FAIRBOURN, FRIEDMAN

14                         & BALINT, P.C.

15

16                         ELAINE A. RYAN (*To be admitted Pro Hac Vice*)

                         PATRICIA N. SYVERSON (203111)

17                         LINDSEY M. GOMEZ-GRAY (*To be admitted Pro Hac Vice*)

18                         2325 E. Camelback Road, Suite 300

19                         Phoenix, Arizona 85016

                         eryan@bffb.com

20                         psyverson@bffb.com

                         lgomez-gray@bffb.com

21                         Telephone:  (602) 274-1100

22                         BONNETT, FAIRBOURN, FRIEDMAN

                       & BALINT, P.C.

23                         MANFRED P. MUECKE (222893)

                       600 W. Broadway, Suite 900

24                         San Diego, California 92101

                       mmuecke@bffb.com

25                         Telephone:  (619) 756-7748

26                         STEWART M. WELTMAN LLC

                       STEWART M. WELTMAN (*To be admitted Pro Hac Vice*)

27                         53 W. Jackson Suite 364

                       Chicago, IL 6060

28                         Telephone: 312-588-5033

**CLASS ACTION COMPLAINT**

1

(Of Counsel Levin Fishbein Sedran & Berman)

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

# EXHIBIT A



BONNETT FAIRBOURN
FRIEDMAN & BALINT PC

JERRY C. BONNETT
FRANCIS J. BALINT, JR.
C. KEVIN DYKSTRA
ANDREW Q. EVERROAD
JONATHAN S. WALLACK
CHRISTINA L. BANNON
WILLIAM F. KING
ANDREW M. EVANS
KEVIN R. HANGER

WILLIAM G. FAIRBOURN
VAN BUNCH
ELAINE A. RYAN
KATHRYN A. HONECKER
GUY A. HANSON
MANFRED P. MUECKE[1]
TONNA K. FARRAR[2]
TY D. FRANKEL
ERIC D. ZARD

ANDREW S. FRIEDMAN
ROBERT J. SPURLOCK
WENDY J. HARRISON
PATRICIA N. SYVERSON
KIMBERLY C. PAGE
TODD D. CARPENTER[1]
T. BRENT JORDAN[3]
LINDSEY M. GOMEZ

MICHAEL N. WIDENER, Of Counsel

[1] Admitted Only in California
[2] Admitted Only in California, Missouri
   and Kansas
[3] Admitted Only in Pennsylvania

March 4, 2013

**VIA CERTIFIED MAIL (RETURN RECEIPT)**
**(RECEIPT NO.  7009 0080 0000 4081 6384**

CVS Pharmacy, Inc.
c/o C T Corporation System
818 W. Seventh Street
Los Angeles, California 90017

**VIA CERTIFIED MAIL (RETURN RECEIPT)**
**(RECEIPT NO.   7011 0470 0002 5152 4461**

CVS Pharmacy, Inc.
General Counsel
One CVS Drive
Woonsocket, Rhode Island 02895

Re:   Blanco v. CVS Pharmacy, Inc.

Dear Sirs or Madams:

Our law firm together with the Levin, Fishbein, Sedran & Berman law firm represent Augustina Blanco and all other similarly situated consumers in an action against CVS Pharmacy, Inc. ("CVS") arising out of, *inter alia*, misrepresentations, either express or implied, by CVS to consumers that its CVS Glucosamine Products[1] helps renew/nourish cartilage, promote mobility and flexibility and improve joint comfort.

Ms. Blanco and others similarly situated purchased the CVS Glucosamine Products unaware that CVS' advertising campaign, including *inter alia*, representations prominently featured on each and every Product that the Products "nourish cartilage," support[] renewal of cartilage", "promote[] mobility and flexibility" and "provide renewed joint comfort" (hereafter the "joint health benefit representations") are false. Several well-conducted clinical studies have found no causative link between the primary purported active ingredients in the Glucosamine Products do not provide the joint health benefits represented by CVS. The full claims, including

---

[1] The CVS Glucosamine Products include, but it not limited to: (1) Glucosamine Chondroitin Triple Strength with MSM; (2) Glucosamine Chondroitin Double Strength with MSM; (3) Glucosamine HCL 1500 mg + Boswellia Serrata & Vitamin D; (4) Advanced Formula Glucosamine Chondroitin Triple Strength; and (5) Advanced Formula Glucosamine Chondroitin Double Strength (collectively, "the Glucosamine Products" or "the Products").

the facts and circumstances surrounding these claims, are detailed in the Class Action Complaint, a copy of which is enclosed and incorporated by this reference.

CVS' joint health benefit representations are false and misleading and constitute unfair methods of competition and unlawful, unfair, and fraudulent acts or practices, undertaken by CVS with the intent to induce the consuming public to purchase the Glucosamine Products. The joint health benefit representations do not assist consumers; they simply mislead them.

CVS's joint health benefit representations violate California Civil Code §1770(a) under, *inter alia,* the following subdivisions:

> (5)    Representing that [the Glucosamine Products] . . . characteristics, . . . uses [or] benefits. . . which [they do] not have.
>
> * * *
>
> (7)    Representing that [the Glucosamine Products are] of a particular standard, quality or grade, . . . if [it is] of another.
>
> * * *
>
> (9)    Advertising goods . . . with the intent not to sell them as advertised.
>
> * * *
>
> (16)    Representing that [the Glucosamine Products have] been supplied in accordance with a previous representation when [they have] not.

California Civil Code §1770(a)(5)-(16).

CVS's joint health benefit representations also constitute violations of California Business and Professions Code §17200, *et seq.*, and a breach of express warranties.

While the Complaint constitutes sufficient notice of the claims asserted, pursuant to California Civil Code §1782, we hereby demand on behalf of our client and all others similarly situated that CVS immediately correct and rectify this violation of California Civil Code §1770 by ceasing the misleading marketing campaign and ceasing dissemination of false and misleading information as described in the enclosed Complaint. In addition, CVS should offer to refund the purchase price to all consumer purchasers of the Glucosamine Products, plus reimbursement for interest, costs, and fees.

Plaintiff will, after 30 days from the date of this letter, amend the Complaint without leave of Court, as permitted by California Civil Code §1782, to include claims for actual and punitive damages (as may be appropriate) if a full and adequate response to this letter is not

received.  These damage claims also would include claims under already asserted breach of warranty theories, as well as the claims under the Consumers Legal Remedies Act.  Thus, to avoid further litigation, it is in the interest of all parties concerned that CVS address these violations immediately.

CVS must undertake all of the following actions to satisfy the requirements of California Civil Code §1782(c):

1.     Identify or make a reasonable attempt to identify purchasers of the Glucosamine Products;

2.     Notify all such purchasers so identified that upon their request, CVS will offer an appropriate remedy for its wrongful conduct, which can include a full refund of the purchase price paid for the Glucosamine Products, plus interest, costs and fees;

3.     Undertake (or promise to undertake within a reasonable time if it cannot be done immediately) the actions described above for all the Glucosamine Product purchasers who so request; and

4.     Cease from expressly or impliedly representing to consumers that the Glucosamine Products help to renew/nourish cartilage, promote mobility and flexibility and improve joint comfort.  when there is no reasonable basis for so claiming, as more fully described in the enclosed Complaint.

We await your response.

Very truly yours,

Patricia N. Syverson
For the Firm

PNS:lmg
Enclosures



**BONNETT FAIRBOURN**
**FRIEDMAN & BALINT PC**

JERRY C. BONNETT
FRANCIS J. BALINT, JR.
C. KEVIN DYKSTRA
ANDREW Q. EVERROAD
JONATHAN S. WALLACK
CHRISTINA L. BANNON
WILLIAM F. KING
ANDREW M. EVANS
KEVIN R. HANGER

WILLIAM G. FAIRBOURN
VAN BUNCH
ELAINE A. RYAN
KATHRYN A. HONECKER
GUY A. HANSON
MANFRED P. MUECKE[1]
TONNA K. FARRAR[2]
TY D. FRANKEL
ERIC D. ZARD

ANDREW S. FRIEDMAN
ROBERT J. SPURLOCK
WENDY J. HARRISON
PATRICIA N. SYVERSON
KIMBERLY C. PAGE
TODD D. CARPENTER[1]
T. BRENT JORDAN[3]
LINDSEY M. GOMEZ

MICHAEL N. WIDENER, Of Counsel

[1] Admitted Only in California
[2] Admitted Only in California, Missouri
and Kansas
[3] Admitted Only in Pennsylvania

March 4, 2013

**VIA CERTIFIED MAIL (RETURN RECEIPT)**
**(RECEIPT NO.  7009 0080 0000 4081 6384**

CVS Pharmacy, Inc.
c/o C T Corporation System
818 W. Seventh Street
Los Angeles, California 90017

**VIA CERTIFIED MAIL (RETURN RECEIPT)**
**(RECEIPT NO.    7011 0470 0002 5152 4461**

CVS Pharmacy, Inc.
General Counsel
One CVS Drive
Woonsocket, Rhode Island 02895

      Re:    Blanco v. CVS Pharmacy, Inc.

Dear Sir or Madam:

      Our law firm together with the Levin, Fishbein, Sedran & Berman law firm represent Augustina Blanco and all other similarly situated consumers in an action against CVS Pharmacy, Inc. ("CVS") arising out of, *inter alia*, misrepresentations, either express or implied, by CVS to consumers that its CVS Glucosamine Products[1] helps renew/nourish cartilage, promote mobility and flexibility and improve joint comfort.

      Ms. Blanco and others similarly situated purchased the CVS Glucosamine Products unaware that CVS' advertising campaign, including *inter alia*, representations prominently featured on each and every Product that the Products "nourish cartilage," support[] renewal of cartilage", "promote[] mobility and flexibility" and "provide renewed joint comfort" (hereafter the "joint health benefit representations") are false. Several well-conducted clinical studies have found no causative link between the primary purported active ingredients in the Glucosamine Products do not provide the joint health benefits represented by CVS. The full claims, including

---

[1] The CVS Glucosamine Products include, but it not limited to: (1) Glucosamine Chondroitin Triple Strength with MSM; (2) Glucosamine Chondroitin Double Strength with MSM; (3) Glucosamine HCL 1500 mg + Boswellia Serrata & Vitamin D; (4) Advanced Formula Glucosamine Chondroitin Triple Strength; and (5) Advanced Formula Glucosamine Chondroitin Double Strength (collectively, "the Glucosamine Products" or "the Products").

the facts and circumstances surrounding these claims, are detailed in the Class Action Complaint, a copy of which is enclosed and incorporated by this reference.

CVS' joint health benefit representations are false and misleading and constitute unfair methods of competition and unlawful, unfair, and fraudulent acts or practices, undertaken by CVS with the intent to induce the consuming public to purchase the Glucosamine Products. The joint health benefit representations do not assist consumers; they simply mislead them.

CVS's joint health benefit representations violate California Civil Code §1770(a) under, *inter alia,* the following subdivisions:

> (5)    Representing that [the Glucosamine Products] . . . characteristics, . . . uses [or] benefits. . . which [they do] not have.
>
>                      * * *
>
> (7)    Representing that [the Glucosamine Products are] of a particular standard, quality or grade, . . . if [it is] of another.
>
>                      * * *
>
> (9)    Advertising goods . . . with the intent not to sell them as advertised.
>
>                      * * *
>
> (16)   Representing that [the Glucosamine Products have] been supplied in accordance with a previous representation when [they have] not.

California Civil Code §1770(a)(5)-(16).

CVS's joint health benefit representations also constitute violations of California Business and Professions Code §17200, *et seq.*, and a breach of express warranties.

While the Complaint constitutes sufficient notice of the claims asserted, pursuant to California Civil Code §1782, we hereby demand on behalf of our client and all others similarly situated that CVS immediately correct and rectify this violation of California Civil Code §1770 by ceasing the misleading marketing campaign and ceasing dissemination of false and misleading information as described in the enclosed Complaint. In addition, CVS should offer to refund the purchase price to all consumer purchasers of the Glucosamine Products, plus reimbursement for interest, costs, and fees.

Plaintiff will, after 30 days from the date of this letter, amend the Complaint without leave of Court, as permitted by California Civil Code §1782, to include claims for actual and punitive damages (as may be appropriate) if a full and adequate response to this letter is not

received.  These damage claims also would include claims under already asserted breach of warranty theories, as well as the claims under the Consumers Legal Remedies Act.  Thus, to avoid further litigation, it is in the interest of all parties concerned that CVS address these violations immediately.

CVS must undertake all of the following actions to satisfy the requirements of California Civil Code §1782(c):

1.    Identify or make a reasonable attempt to identify purchasers of the Glucosamine Products;

2.    Notify all such purchasers so identified that upon their request, CVS will offer an appropriate remedy for its wrongful conduct, which can include a full refund of the purchase price paid for the Glucosamine Products, plus interest, costs and fees;

3.    Undertake (or promise to undertake within a reasonable time if it cannot be done immediately) the actions described above for all the Glucosamine Product purchasers who so request; and

4.    Cease from expressly or impliedly representing to consumers that the Glucosamine Products help to renew/nourish cartilage, promote mobility and flexibility and improve joint comfort.  when there is no reasonable basis for so claiming, as more fully described in the enclosed Complaint.

We await your response.

Very truly yours,

Patricia N. Syverson
For the Firm

PNS:lmg
Enclosures

# EXHIBIT B

1  BONNETT, FAIRBOURN, FRIEDMAN
   & BALINT, P.C.
2  ELAINE A. RYAN (*To be admitted Pro Hac Vice*)
   eryan@bffb.com
3  PATRICIA N. SYVERSON (203111)
   psyverson@bffb.com
4  LINDSEY M. GOMEZ-GRAY (*To be admitted Pro Hac Vice*)
   lgomez-gray@bffb.com
5  2325 E. Camelback Road, Suite 300
   Phoenix, Arizona 85016
6  Telephone:  (602) 274-1100
   Facsimile:  (602) 274-1199

7  BONNETT, FAIRBOURN, FRIEDMAN
   & BALINT, P.C.
8  MANFRED P. MUECKE (222893)
   mmuecke@bffb.com
9  600 W. Broadway, Suite 900
   San Diego, California 92101Telephone:  (619) 756-7748
10 Facsimile:  (602) 274-1199

11 STEWART M. WELTMAN LLC
   STEWART M. WELTMAN (*To be admitted Pro Hac Vice*)
12 sweltman@weltmanlawfirm.com
   53 W. Jackson Suite 364
13 Chicago, IL 6060
   Telephone: 312-588-5033
14 (Of Counsel Levin Fishbein Sedran & Berman)

15 *Attorneys for Plaintiff*

16              UNITED STATES DISTRICT COURT
17              CENTRAL DISTRICT OF CALIFORNIA

18 AUGUSTINA BLANCO, On Behalf          Case No.:
   of Herself and All Others Similarly
19 Situated,

20                                       CLASS ACTION

21         Plaintiff,                    DECLARATION OF PATRICIA N.
                                         SYVERSON PURSUANT TO
22      v.                               CALIFORNIA CIVIL CODE §1780(d)

23
   CVS PHARMACY, INC., a Rhode
24 Island Corporation,

25
          Defendant.
26

27

28

I, Patricia N. Syverson, declare as follows:

1.    I am an attorney duly licensed to practice before all of the courts of the State of California.  I am a shareholder at the law firm of Bonnett, Fairbourn, Friedman & Balint, P.C., the counsel of record for plaintiff in the above-entitled action.

2.    Defendant CVS Pharmacy, Inc. has done and is doing business in the Central District of California.  Such business includes the marketing, distributing and sale of its CVS Glucosamine joint dietary supplements.[1] Furthermore, Plaintiff Blanco purchased a product in the CVS Glucosamine line in Moreno Valley, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 4th day of March 2013, at Phoenix, Arizona.

BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.

ELAINE A. RYAN (*To be admitted Pro Hac Vice*)
eryan@bffb.com
PATRICIA N. SYVERSON (203111)
psyverson@bffb.com
LINDSEY M. GOMEZ-GRAY (*To be admitted Pro Hac Vice*)
lgomez-gray@bffb.com

---

[1] The CVS Glucosamine product line includes, but is not limited to: (1) Glucosamine Chondroitin Triple Strength with MSM; (2) Glucosamine Chondroitin Double Strength with MSM; (3) Glucosamine HCL 1500 mg + Boswellia Serrata & Vitamin D; (4) Advanced Formula Glucosamine Chondroitin Triple Strength; and (5) Advanced Formula Glucosamine Chondroitin Double Strength

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2325 E. Camelback Road, Suite 300
Phoenix, Arizona 85016
Telephone:  (602) 274-1100
Facsimile: (602) 274-1199

BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
MANFRED P. MUECKE (222893)
mmuecke@bffb.com
600 W. Broadway, Suite 900
San Diego, California 92101Telephone:  (619)
756-7748
Facsimile:  (602) 274-1199

STEWART M. WELTMAN LLC
STEWART M. WELTMAN (*To be admitted
Pro Hac Vice*)
sweltman@weltmanlawfirm.com
53 W. Jackson Suite 364
Chicago, IL 6060
Telephone: 312-588-5033
(Of Counsel Levin Fishbein Sedran & Berman)

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

BY FAX

AUGUSTINA BLANCO, on behalf of herself and all others similarly situated

PLAINTIFF(S)

v.

CASE NUMBER

ED CV 13 - 00406 JGB SPx

CVS PHARMACY, INC., a Rhode Island Corp.

DEFENDANT(S).

SUMMONS

TO:    THE ABOVE-NAMED DEFENDANT(S):

YOU ARE HEREBY SUMMONED and required to file with this court and serve upon plaintiff's attorney Patricia N. Syverson _____, whose address is:

Bonnett Fairbourn Friedman & Balint
2325 E Camelback Rd, #300
Phoenix, AZ 85016
602-274-1100

an answer to the ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim which is herewith served upon you within _____ days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint.

Clerk, U.S. District Court

Dated:    MAR - 4 2013

By: _____
                Deputy Clerk

                *(Seal of the Court)*

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| | |
|---|---|
| **I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )<br><br>AUGUSTINA BLANCO | **DEFENDANTS** ( Check box if you are representing yourself ☐ )<br><br>CVS PHARMACY, INC., a Rhode Island Corp. |
| **(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Bonnett Fairbourn Friedman & Balint<br>2325 E Camelback Rd, #300<br>Phoenix, AZ 85016<br>602-274-1100 | **(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☐ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding   ☐ 2. Removed from State Court   ☐ 3. Remanded from Appellate Court   ☐ 4. Reinstated or Reopened   ☐ 5. Transferred from Another District (Specify)   ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☒ Yes ☐ No   ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☒ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number: **ED CV 13 - 00406 JGB SPx**

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| RIVERSIDE | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | STATE OF RHODE ISLAND |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| RIVERSIDE COUNTY | |

**\*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
**Note:** In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _Sidney Lynn_   DATE:  3-4-13

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |