**Alycia A. Degen, SBN 211350**
**adegen@sidley.com**
**SIDLEY AUSTIN LLP**
**555 West Fifth Street, Suite 4000**
**Los Angeles, California 90013**
**Telephone: (213) 896-6000**
**Facsimile: (213) 896-6600**

**Kara L. McCall (*pro hac vice* pending)**
**kmccall@sidley.com**
**SIDLEY AUSTIN LLP**
**One South Dearborn**
**Chicago, IL 60603**
**Telephone: (312) 853-7000**
**Facsimile: (312) 853-7036**

*Attorneys for Defendant CVS Pharmacy, Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUGUSTINA BLANCO, On Behalf of Herself and All Others Similarly Situated,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CVS PHARMACY, INC., a Rhode Island Corporation,<br><br>　　　　Defendant. | Case No. 5:13-cv-00406-JGB-SP<br><br>**JOINT STIPULATION FOR A STAY OF ALL PROCEEDINGS**<br><br>Judge: Hon. Jesus G. Bernal<br><br>Complaint Filed: March 4, 2013<br><br>[[Proposed] Order filed concurrently] |

Plaintiff Augustina Blanco ("Plaintiff") and Defendant CVS Pharmacy, Inc. ("CVS") (collectively with Plaintiff, the "Parties"), by and through their counsel, hereby respectfully submit this joint stipulation for an order staying this action because Plaintiff's claims and the claims of the purported class that she seeks to represent have been settled. In support, the Parties state as follows:

WHEREAS, in this matter, Plaintiff has challenged statements used in the marketing of certain CVS glucosamine joint health dietary supplement products, which are manufactured by Rexall Sundown, Inc., NBTY, Inc., or one of their affiliated companies. (*See* Compl., Dkt. No. 1.)

WHEREAS, this matter is one of six putative class actions challenging the marketing of glucosamine joint health dietary supplement products manufactured and/or sold by Rexall Sundown, Inc., NBTY, Inc., or their affiliates (collectively, "Rexall"), which are currently pending in five federal district courts throughout the country. The pending cases are: *Liliana Cardenas and Francisco Padilla v. NBTY, Inc. and Rexall Sundown, Inc.*, No. 2:11-CV-01615-TLN-CKD (E.D. Cal. filed June 14, 2011); *Jennings v. Rexall Sundown, Inc.*, No. 1:11-cv-11488-WGY (D. Mass. filed Aug. 22, 2011); *Cecilia Linares and Abel Gonzalez v. Costco Wholesale, Inc.*, No. 3:11-cv-02547-MMA-RBB (S.D. Cal. filed Nov. 2, 2011); *Nick Pearson v. Target Corp.*, No. 1:11-cv-07972 (N.D. Ill. filed Nov. 9, 2011); *Randy Nunez v. NBTY, Inc., Arthritis Research Corp., and Nature's Bounty, Inc.*, No. 3:13-CV-0495 (S.D. Cal. filed Mar. 1, 2013); and *Augustina Blanco v. CVS Pharmacy, Inc.*, No. 5:13-cv-00406-JGB-SP (C.D. Cal. filed Mar. 4, 2013).

WHEREAS, on April 15, 2013, the Parties in this action executed a global, nationwide settlement agreement settling and releasing for consideration, *inter alia*, all of the claims made in this case. Plaintiff Augustina Blanco has been identified as a class representative on behalf of the settlement class.

WHEREAS, this settlement will be submitted to the Honorable Judge James B. Zagel in the Northern District of Illinois for preliminary approval. (Judge Zagel is

presiding over the *Pearson* case (N.D. Ill., Case No. 1:11-cv-07972), one of the cases being settled.)

WHEREAS, to facilitate this global, nationwide settlement, Plaintiff has filed a Second Amended Class Action complaint in the *Pearson* case on behalf of a nationwide class of all persons in the United States who purchased the products covered by the settlement, which includes the CVS products at issue in this action (Ex. A hereto).  Plaintiff Augustina Blanco is a named plaintiff in the *Pearson* Second Amended Class Action Complaint (*id*. ¶ 17).

WHEREAS, pursuant to the settlement agreement, Plaintiff and Rexall are jointly moving for a stay of this case pending final approval of the class action settlement.  Similar motions will be filed in the other related cases.

WHEREAS, in light of the settlement, the Parties respectfully request the Court to exercise its inherent authority to stay this action.  *See, e.g.*, *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its dockets with economy of time and effort for itself, for counsel, and for litigants."); *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis* for the proposition that a "district court has discretionary power to stay proceedings in its own court").  A stay is appropriate where, as here, it is efficient to suspend an action pending resolution of proceedings in another jurisdiction that bear upon the case.  *See, e.g.*, *Sinclair v. Fox Hollow of Turlock Owners Ass'n*, No. 1:03-cv-05439, 2011 WL 219924, at *2 (E.D. Cal. Jan. 21, 2011) ("When there is an independent proceeding related to a matter before the trial court, the Ninth Circuit has held that a trial court may 'find it efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which may bear upon the case.'") (quoting *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983)).

WHEREAS, the proposed stay promotes judicial economy by permitting both the Court and the Parties to suspend their work on this case while the settlement process moves forward in the Northern District of Illinois. When final approval has been given, the settlement requires Plaintiff to voluntarily dismiss with prejudice this action. Accordingly, entering the proposed stay will conserve the resources of the Court, the litigants, and their counsel.

NOW, THEREFORE, the Parties stipulate as follows:

1. This action shall be stayed pending final approval of the settlement.

The attorney filing this document confirms that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: April 24, 2013                SIDLEY AUSTIN LLP
                                     By:   /s/ Alycia A. Degen
                                           Alycia A. Degen
                                           Attorneys for Defendant CVS Pharmacy, Inc.

Dated: April 24, 2013                BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.
                                     By:   /s/ Patricia N. Syverson
                                           Patricia N. Syverson
                                           Attorneys for Plaintiff Augustina Blanco

# CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2013, a true and correct copy of the following document was electronically filed and served on all counsel of record in this action who are deemed to have consented to electronic service via the Court's CM-ECF system: **JOINT STIPULATION FOR A STAY OF ALL PROCEEDINGS**.

Pursuant to the CM/ECF system, registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities. Any other counsel of record were served by electronic mail.

Dated: April 24, 2013                    SIDLEY AUSTIN LLP

                                         By:    /s/ Alycia A. Degen
                                                Alycia A. Degen.
                                                *Attorneys for Defendant CVS Pharmacy, Inc.*